FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSE RAY MATLOCK,

    Defendant - Appellant.

No. 23-5117
(D.C. No. 4:22-CR-00083-JFH-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT*
_____

Before **PHILLIPS**, **EBEL**, and **McHUGH**, Circuit Judges.
_____

Jesse Ray Matlock pled guilty to three counts of strangulation of a spouse, one count of obstruction of justice, and one count of stalking. The district court sentenced Mr. Matlock to 120 months in prison, which was the stipulated sentence the parties agreed to in the plea agreement. Although he received the sentence he negotiated and although his plea agreement contained a waiver of his appellate rights, he filed a notice of appeal. The government then filed a motion to enforce the appeal waiver.

---

   * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Matlock's counsel filed a response to the motion pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating his belief "that there is no viable or non-frivolous basis for opposing the Motion." Resp. to Mot. at 5. We gave Mr. Matlock the opportunity to file a pro se response to show why the appeal waiver should not be enforced. His response was initially due on February 22, 2024, and we sua sponte extended the deadline to March 11, 2024, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within" the waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). The government argues that all three of these conditions are met in this case.

Consistent with our obligation under *Anders*, we conducted an independent review of the proceedings. *See* 386 U.S. at 744. After doing so, we agree it would be frivolous to oppose the government's motion. We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam

2